IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL DAVID ARMSTEAD,**

   **Petitioner,**

**v.**                **Civil No. 2:06cv47**
                    **(Judge Maxwell)**

**DOMINIC A. GUTIERREZ, SR.,**

   **Respondent.**

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR DEFAULT JUDGMENT

Petitioner initiated this case on May 10, 2006, by filing a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 7, 2006, the respondent was directed to show cause why the petition should not be granted. The respondent's response was due on July 7, 2006, and the respondent actually filed a response on July 6, 2006. In the certificate of service attached to the response, the respondent asserts that a copy of the petition was sent to the petitioner by United States mail on the same day the response was filed in this Court. On July 11, 2006, the Court received a letter from the petitioner dated July 9, 2006, in which he asserts that the respondent failed to timely file a response to the petition, that the respondent is in default, and that petitioner is therefore entitled to the relief requested in the petition.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory

to the court." Fed.R.Civ.P. 55(e).

In this instance, the respondent filed a timely response to the petition. Thus, petitioner's motion for default judgment is without merit. It appears from the docket that petitioner simply did not receive his copy of the respondent's response prior to making his motion for default. Accordingly, the undersigned recommends that the petitioner's Motion for Default Judgment (dckt. 6) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record.

DATED: July 27, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE