IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL ARMSTEAD,

        Petitioner,

v.                               CIVIL ACTION NO. 2:06cv47
                                     (Judge Maxwell)

DOMINIC GUTIERREZ, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 10, 2006, the *pro se* petitioner, Michael Armstead, an inmate at FCI Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have credit against his federal sentence for time he spent in the custody of the Michigan Department of Corrections. The petitioner paid the filing fee on the same date he filed his petition. On June 7, 2006, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On July 6, 2006, the respondent filed his Response. In addition to his response, the respondent also filed a number of exhibits, including the Declaration of Alecia D.Sankey and the Declaration of Sandra M. Gregg. Following a Motion for an Extension of Time, the petitioner was given until October 18, 2006, to file a reply to the respondent's response. On October 13, 2006, the petitioner filed his Opposition to the respondent's response.

### II. FACTS

On June 8, 2004, the U.S. Marshals Service borrowed the petitioner on a writ from the

Michigan Department of Corrections to answer federal charges in the U.S. District Court for the Eastern District of Michigan. (Doc.5-2, p. 12). At that time, the petitioner was serving concurrent state sentences with the Michigan Department of Corrections for Uttering and Publishing and Financial Institutions, Unauthorized Credit Application. (Id.). The U.S. Marshals returned the petitioner to Michigan authorities on June 24, 2004. (Id.). On September 14, 2004, the U.S. Marshals Service again borrowed the petitioner on a writ from Michigan authorities for further proceedings in federal court. (Id.). The petitioner was returned to Michigan authorities on October 5, 2004. (Id.). On January 12, 2005, the U.S. Marshals Service borrowed the petitioner on a writ from Michigan authorities and returned him on January 14, 2005. (Doc.5-2, p. 13). The U.S. marshal Service then borrowed the petitioner on a writ from Michigan authorities for a final time on February 22, 2005 through February 28, 2005. (Id.).

On February 23, 2005, the petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a term of thirty months to be served consecutively to his then undischarged term of imprisonment with the Michigan Department of Corrections. (Id.). The petitioner was released from the service of his Michigan sentence on July 21, 2005, to the custody of the U.S. Marshal Service. (Id.). The petitioner was then designated to FCI Morgantown for the service of his federal sentence. (Doc. 5-2, p. 3). The petitioner was credited toward his Michigan sentence for the time period from June 8, 2004, to July 21, 2005, during which time he was borrowed on writ on several occasions from the Michigan Department of Corrections by the United States Marshal Service to answer federal charges. (Doc. 5-2, p. 13).

The petitioner arrived at FCI Morgantown on September 7, 2005. (Doc. 5-2, p. 3). The petitioner's projected release date was September 25, 2007, via good conduct time. (Id.). Although the petitioner has not advised the Court of a change of address, the petitioner was released from the

2

custody of the Federal Bureau of Prisons on October 22, 2007, following a term of incarceration in a Residential Release Center.[1]

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) His federal sentence should be credited with the time he spent in the custody of the Michigan department of Corrections under a federal detainer from June 8, 2004 until July 21, 2005, a period of thirteen months and twenty days.

The Government contends that the petition should be dismissed because:

(1) petitioner is not entitled to any prior custody credit because to do so would give him double credit for his detention time.

### IV. ANALYSIS

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently[2] with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a

---

[1] See BOP website at BOP.gov. Accordingly, this case is subject to dismissal because the relief the petitioner requests is now moot. However, the undersigned has chosen to analyze the merits of the petition so as to demonstrate that the petitioner was not prejudiced by the delay in addressing his claims.

[2] Here, the petitioner's sentence was ordered to run consecutively.

3

federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

In the instant case, the federal court sentenced the petitioner on February 23, 2005, and ordered his federal sentence to run consecutively with the state sentence he was already serving. The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337.

Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner's state sentence ran continuously from its start on November 9, 2003 until its expiration on July 21, 2005.. (Dckt. 8-11). Therefore, the petitioner received credit against his state sentence for the time he spent in the temporary custody of the U.S. Marshal Service off and on during that period. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 24, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE