IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL DAVID ARMSTEAD,**

    **Petitioner,**

    v.                                             **Civil Action No. 2:06 CV 47**
                                                                         **(Maxwell)**

**DOMINIC A. GUTIERREZ, SR.,**

    **Respondent.**

## ORDER

It will be recalled that on May 10, 2006, *pro se* Petitioner Michael David Armstead, a federal prisoner incarcerated at FCI-Morgantown in Morgantown, West Virginia, instituted the above-styled civil action by filing an Application for *Habeas Corpus* pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

After conducting an initial screening and review, United States Magistrate Judge James E. Seibert entered an Order on June 7, 2006, directing the Respondent to show cause why the Petition should not be granted. The Respondent's Response To Show Cause Order was filed on July 6, 2006. Thereafter, on July 11, 2006, a July 9, 2006, letter to the Court from the Petitioner alleging that the Respondent had failed to timely file a response to his Petition was docketed as a Motion For Default Judgment. On July 27, 2006, United States Magistrate Judge James E. Seibert issued a Report And

Recommendation on Petitioner's Motion For Default Judgment wherein he recommended that said Motion be denied in light of the fact that the Respondent had filed a timely response to the Court's Show Cause Order.  Magistrate Judge Seibert's July 27, 2006, Report And Recommendation was accepted in whole by Order entered by this Court on March 13, 2007, and the Petitioner's Motion For Default Judgment was denied.

Following the July 26, 2006, granting of his Request For Time Extension, the Petitioner timely filed his Opposition To Respondents Response To Show Cause Order For Petitioner's Petition For Habeas Corpus Pursuant To 28 U.S.C. § 2241 on October 13, 2006.

On October 24, 2007, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Petitioner's § 2241 Petition be denied and dismissed with prejudice in light of the fact that, because the Petitioner had received credit against his state sentence for the time he spent in the temporary custody of the U.S. Marshal Service off and on during that period, he could not receive double credit and was not, accordingly, entitled to any credit against his federal sentence for this time.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made.

The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's Report And Recommendation were due within ten days of being served with a copy of the same. The docket in the above-styled civil action reflects that on October 30, 2007, the Petitioner's copy of the Report And Recommendation was returned as undeliverable. As noted by Magistrate Judge Seibert in his Report And Recommendation, the Petitioner was released from the custody of the Federal Bureau of Prisons on October 22, 2007, following a term of incarceration in a Residential Release Center. While it is clear that the Petitioner never received a copy of Magistrate Judge Seibert's October 24, 2007, Report And Recommendation, the Court believes that this matter is still ripe for review in light of the fact that the Notice Of General Guidelines For Appearing *Pro Se* In Federal Court transmitted to the Plaintiff in this matter on May 10, 2006, expressly advises as follows:

> **Current Address**: Keep the Court and opposing counsel, if any, advised of your most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice.

3

Thus, the Petitioner was clearly advised that it was his responsibility to apprize the Court in the event that he was released from incarceration or transferred to another facility.

Additionally, as noted by Magistrate Judge Seibert in his Report And Recommendation, this case is subject to dismissal because, in light of the Petitioner's release from custody, the relief he requests is now moot. The Court agrees with Magistrate Judge Seibert, however, that it is appropriate to analyze the merits of the Petitioner's § 2241 Petition, however, in order to demonstrate that the Petitioner was not prejudiced by the delay in addressing his claims.

Upon consideration of Magistrate Judge Seibert's October 24, 2007, Report and Recommendation, and having received no written objections thereto, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on October 24, 2007, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DISMISSED**, **with prejudice**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and

the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** February   11  , 2009

                                             **/S/ Robert E. Maxwell**
                                             United States District Judge